**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
JUDY PUCKERIN
101 Allen Drive,
Great Neck, New York 11020,

                                    Plaintiff,

      -against-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS INC.,

                                      Defendants.
-------------------------------------------------------------------x

Case No.: 2:18-cv-6517

Non-Jury Trial

## COMPLAINT FOR A CIVIL ACTION

     The plaintiff herein, by R. David Marquez, P.C., her attorneys, complains of the defendants above named, and for her cause of action, alleges:

### THE PARTIES JURISDICTION AND VENUE

     **FIRST**: The plaintiff, JUDY PUCKERIN, at all times mentioned herein is a natural person over the age of eighteen years and is the sole owner of record of her home located at 101 Allen Drive, Great Neck New York 11020 (SBL #: 02-117-87,88), herein referred to as the, "subject premises." Accordingly, plaintiff has the exclusive ownership interest to the subject premises.

     **SECOND**: The defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION, hereafter referred to as, "Fannie Mae," is the owner of record of a mortgage against the subject premises. Fannie Mae is a United States government-sponsored corporation, duly organized and existing pursuant to Federal Law with its principal place of business at 3900 Wisconsin Avenue Northwest, Washington, DC 20016-2892. Pursuant to 12 U.S.C. 1717(a)(2)(B), Fannie Mae is

deemed to be a citizen of the District of Columbia for purposes of diversity jurisdiction. Upon information and belief, the defendant, Seterus, Inc., may be a current holder of the Mortgage pursuant to correspondence mailed on February 7, 2018. See Exhibit "**F**"annexed hereto. Upon information and belief, Seterus Inc., is an Oregon corporation with its principal place of business in Oregon.

**THIRD**: Pursuant to 28 U.S.C. 1332, the Court has diversity jurisdiction over this action based upon the diversity of citizenship of the parties and an amount in controversy exceeding seventy-five ($75,000.00) thousand dollars.

**FOURTH**: Pursuant to 28 U.S.C. 1391(b)(2), venue over this action is proper in the Eastern District of New York based upon the fact that the property that is the subject of this action is located in this judicial district.

## STATEMENT OF CLAIM

**FIFTH**: Plaintiff seeks to quiet title to the subject premises against Defendants pursuant to New York's Real Property Actions and Proceedings Law § 1501(4) and C.P.L.R. §213(4), based upon the ground that Fannie Mae is the owner of record of a time-barred and unenforceable mortgage lien against the subject premises, due to a failure to foreclose upon the subject premises within the applicable statute of limitations period after the prior acceleration of the mortgage.

**SIXTH**: On June 18, 2004, Plaintiff executed and delivered to Wilmington Finance, a division of AIG Federal Savings Bank, a Note in the principal amount of Two Hundred Forty-Three Thousand Seven Hundred Fifty ($243,750.00) dollars agreeing to pay interest at the fixed rate of 5.750% per annum for a term of thirty (30) years. As security for the payment of said indebtedness, the Plaintiff acknowledged and delivered a Mortgage dated, June

18, 2004, to Wilmington Finance, a division of AIG Federal Savings Bank, whereby Plaintiff, as mortgagor, bargained and granted to the mortgagee named therein, its successors and assigns, a mortgage lien upon the subject premises more particularly described therein, under certain conditions with rights, duties and privileges between or among them as more fully appears in said mortgage. Copies of the Note and Mortgage are attached hereto as Exhibits "**A**" and "**B**," respectively. Said Mortgage was duly recorded, and the mortgage tax due thereon was paid, in the Nassau County Clerk's office at the place and time which appears thereon.

**SEVENTH**: The plaintiff acquired title to the subject premises, and is the current occupant and sole owner of record of said property, situated in Nassau County, State of New York, by an Indenture (Deed) duly executed by Lurina Collins on, July 31, 1997, and duly recorded with the Nassau County Clerk's Office on August 8, 1997, in Liber: 10807 of Deed Book, from Page 0492 through Page 0484. A copy of said Indenture (Deed) is attached hereto as Exhibit "**C**," along with its corresponding "Schedule A" property description and recording and endorsement cover page.

**EIGHTH**: On June 25, 2004, Wilmington Finance, a division of AIG Federal Savings, assigned the Mortgage for the subject premises to MorEquity, Inc., with offices located at 5010 Carriage Drive, Evansville, IN 47715. Thereafter, on February 6, 2009, MoreEquity, Inc., further assigned the Mortgage for the subject premises to Mortgage Electronic Registration Systems, Inc., ("MERS") as nominee for MorEquity Inc. Subsequently, on May 26, 2010, MERS, as nominee for MorEquity Inc., assigned the Mortgage to HSBC Mortgage Corporation (USA). This assignment was later superseded by a Corporate Assignment of Mortgage dated, August 19, 2011, from MERS, as nominee for MorEquity Inc., to HSBC Bank USA, N.A., and that assignment was corrected by a Corrective Assignment/Corporate Assignment of Mortgage

dated, May 10, 2016, by MERS, as nominee for MorEquity Inc., to HSBC Mortgage Corporation (USA). A Gap Assignment/Corporate Assignment of Mortgage, also dated, May 10, 2016, was executed by HSBC Mortgage Corporation (USA) to MERS as nominee for MorEquity Inc., that was intended to precede the 2011 assignment. Next, on April 7, 2016, Seterus, Inc., as attorney-in-fact for HSBC Bank USA, N.A., executed an assignment of mortgage for the subject premises to Federal National Mortgage Association ("Fannie Mae"). Finally, on September 27, 2016, an Assignment of Mortgage for the subject premises, that was executed by HSBC Mortgage Corporation (USA) to Fannie Mae, was recorded in the office of the Nassau County Clerk under Instrument No.: 2016-00112161. This last mortgage assignment includes a description of the complete chain of title to the Mortgage. Copies of all of the aforementioned mortgage assignments are attached hereto collectively as Exhibit "**D**."

**NINTH**: On June 1, 2010, HSBC Mortgage Corporation (USA), hereafter referred to as, "HSBC," as the then owner and holder of the Mortgage, commenced an action to foreclose the mortgage upon the subject premises under Index Number 10539/2010 in the Supreme Court of the State of New York for the County of Nassau. A copy of the 2010 Summons and Complaint is annexed hereto as Exhibit "**E**."

**TENTH**: The 2010 foreclosure complaint alleged that JUDY PUCKERIN had failed to comply with the conditions of the mortgage by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of December, 2009. Accordingly, in the 2010 foreclosure complaint, HSBC elected to call due and accelerated the entire amount secured by the mortgage. The 2010 foreclosure complaint alleged that HSBC was the owner and holder of the note and mortgage then being foreclosed.

**ELEVENTH**: On or about March 27, 2015, the 2010 foreclosure action was dismissed by the Court for failure to prosecute due to inactivity for a prolonged period of time. This 2010 foreclosure action was marked "disposed" by the Court and no new foreclosure action was ever commenced by any mortgagee against the subject premises before the expiration of New York's six (6) year foreclosure statute of limitations on June 1, 2016. Prior to the expiration of the applicable statute of limitations, the mortgage loan was never de-accelerated by the mortgagee of record and no payments, modifications, or acknowledgment of debt were made by the Plaintiff.

**TWELFTH**: Based upon information and belief, Seterus, Inc, is the current mortgage loan servicer for defendant, Fannie Mae, and pursuant thereto, Seterus Inc., may be a current holder of the Mortgage against the subject premises. Attached hereto as Exhibit "**F**" is a copy of a recent correspondence mailed to the Plaintiff on February 7, 2018, by Seterus, Inc.

## RELIEF

**THIRTEENTH**: Pursuant to the foregoing, Plaintiff seeks to quiet title to the subject premises against Defendants, pursuant to New York's R.P.A.P.L.§ 1501(4), cancelling and discharging the lien of the Mortgage as time-barred and unenforceable and directing Defendants to record a discharge of Mortgage in the land records for the subject premises in the office of the County Clerk for Nassau County.

Respectfully,

R. David Marquez, rdm1735
R. David Marquez, P.C.
170 Old Country Road, Ste. 505
Mineola, New York 11501
Tel.: (516) 478-9302
Email address: david@rdavidmarquez.com

## VERIFICATION

I, Judy Puckerin, being duly sworn depose and say:

I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are based a review of documents served by HSBC Mortgage Corporation in a prior foreclosure action brought under Index No.: 10539/10 in my possession and the communications, papers, documents contained in a file pertaining to that prior foreclosure matter and my own personal documents contained in my mortgage file pertaining to the loan I am seeking to cancel and discharge.

_____
Judy Puckerin

Sworn to before me this
14 day of November 2018

_____
Notary Public

R. DAVID MARQUEZ
Notary Public, State of New York
No. # 02MA4947356
Qualified In Nassau County
Commission Expires Jun. 29, 2019